# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-14-00477-CR
_____

### RODNEY KEITH HAZLIP, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 10-04-04149 CR

### MEMORANDUM OPINION

Rodney Keith Hazlip filed a notice of appeal regarding the trial court's order of October 9, 2014, which denied a motion that Hazlip filed in his criminal case after his conviction was affirmed on appeal. *See Hazlip v. State*, No. 09-11-00086-CR, 2012 WL 4466352, at *1 (Tex. App.—Beaumont Sept. 26, 2012, pet. ref'd) (mem. op.) (not designated for publication), *cert. denied by Hazlip v. Texas*, 134 S.Ct. 2704 (2014). On November 13, 2014, we notified the parties that our jurisdiction was not apparent from the notice of appeal, and that we would dismiss

1

the appeal for want of jurisdiction unless we received a response showing grounds for continuing the appeal. Hazlip filed a response, but failed to demonstrate jurisdiction in that response.

"Jurisdiction must be expressly given to the courts of appeals in a statute." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). The general right of appeal in a criminal case is limited to appeal from a judgment of conviction. *See Abbott v. State*, 271 S.W.3d 694, 695-97 (Tex. Crim. App. 2008); *see also* Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006). Hazlip's motion sought the release of juror card information. A trial court may disclose juror information in certain circumstances, but the statute that authorizes the trial court's action does not expressly authorize an appeal of an adverse ruling on a request that is made in a closed case. *See* Tex. Code Crim. Proc. Ann. art. 35.29 (West Supp. 2014). Accordingly, we dismiss this appeal for want of jurisdiction.

APPEAL DISMISSED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on January 13, 2015
Opinion Delivered January 14, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.