ACCEPTED
03-15-00675-CV
8131385
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/8/2015 10:24:55 AM
JEFFREY D. KYLE
CLERK

**No. 03-15-00675-CV**

**No. 03-15-00676-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/8/2015 10:24:55 AM
JEFFREY D. KYLE
Clerk

In the Third Court of Appeals

Austin, Texas

# GERALD STEVENS,

*Appellant,*

**v.**

# THE STATE OF TEXAS,

*Appellee.*

On appeal from the County Court-at-Law Number Five,
Travis County, Texas
Trial Cause No. C-1-CR-15-100026

# STATE'S BRIEF

DAVID A. ESCAMILLA
TRAVIS COUNTY ATTORNEY

GISELLE HORTON
ASSISTANT TRAVIS COUNTY ATTORNEY
State Bar Number 10018000
Post Office Box 1748
Austin, Texas 78767
Telephone: (512) 854-9415
TCAppellate@traviscountytx.gov

*December 8, 2015*     ATTORNEYS FOR THE STATE OF TEXAS

**ORAL ARGUMENT IS NOT REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT

    *Reply Point*: The Court is without jurisdiction to hear Stevens's
    interlocutory appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## INDEX OF AUTHORITIES

**Statutes**                                                                                           **Page**

TEX. CODE CRIM. P. art. 44.17

    (West 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Rules**

TEX. R. APP. P. 25.2(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Cases**

*Ex parte Apolinar,* 820 S.W.2d 792

    (Tex. Crim. App. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*McKown v. State,* 915 S.W.2d 160

    (Tex. App.—Fort Worth 1996, no pet.). . . . . . . . . . . . . . . . . . . . . . . 3

*Ragston v. State,* 424 S.W.3d 49

    (Tex. Crim. App. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446

    (Tex. Crim. App. 1961). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATEMENT OF THE CASE

On March 27, 2015, a Travis County justice-court jury found Stevens guilty of speeding, and assessed punishment at a $200 fine. CR 11, 12.[1] On April 10th, he filed an appeal bond to appeal this Class C misdemeanor conviction to a Travis County court-at-law. CR 53.

On June 5th, Stevens filed with the county clerk a document entitled "Respondent's Special Appearance and Plea to the Jurisdiction." CR 57–87. Stevens now appeals the trial court's adverse ruling on his "special appearance and plea to the jurisdiction." CR 164 [adverse ruling]; CR 165–67 [Stevens's "notice of interlocutory appeal"].

## ISSUE PRESENTED

Did the county court-at-law err in failing to dismiss the criminal case against Stevens because the court was without personal or subject-matter jurisdiction, as he contends?

---

[1] The record does not reflect whether the other Class C misdemeanor arising out of the same transaction went to trial in the justice court.

## SUMMARY OF THE ARGUMENT

This a an interlocutory matter that the Third Court does not have jurisdiction to review.

## ARGUMENT

*Reply Point*: **The Court is without jurisdiction to hear Stevens's interlocutory appeal.**

Appeal to county court from justice court is trial de novo. *See* TEX. CODE CRIM. P. art. 44.17 (West 2006). Stevens has not had trial de novo in the county court-at-law, and therefore has not been convicted or sentenced in this criminal case. As a general rule, a court of appeals has jurisdiction to consider a criminal defendant's appeal only where there has been a judgment of conviction. *See* TEX. R. APP. P. 25.2(a)(2); *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961). A court of appeals does not have jurisdiction to review rulings on interlocutory orders in a criminal case unless that jurisdiction has been expressly granted by law. *Ragston v. State,* 424 S.W.3d 49, 51 (Tex. Crim. App. 2014); *Ex parte Apolinar,* 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).

No jurisdiction has been granted by law permitting the Court to interlocutorily review an order denying a "special appearance and plea to the jurisdiction" in a criminal case. *See McKown v. State,* 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (concluding that appeal from pretrial order denying motion to suppress evidence was not immediately appealable and dismissing appeal for lack of jurisdiction).

## PRAYER

For these reasons, on behalf of the State of Texas, the Travis County Attorney asks the Court to dismiss the appeal for want of jurisdiction.

Respectfully submitted,

DAVID A. ESCAMILLA
TRAVIS COUNTY ATTORNEY

Giselle Horton
Assistant Travis County Attorney
State Bar Number 10018000
Post Office Box 1748
Austin, Texas  78767
Telephone: (512) 854-9415
TCAppellate@traviscountytx.gov

ATTORNEYS FOR THE STATE OF TEXAS

3

## CERTIFICATE OF COMPLIANCE

Relying on Corel WordPerfect's word-count function, I certify that this document complies with the word-count limitations of TEX. R. APP. P. 9.4. The document contains 729 words.

_____
Giselle Horton

## CERTIFICATE OF SERVICE

I certify that I have sent a complete and legible copy of this State's Brief via U.S. postage-prepaid mail to Mr. Gerald Stevens, at 3117 Fontana Drive, Austin, Texas 78704, on December 8, 2015.

_____
Giselle Horton
Assistant Travis County Attorney