**Opinion issued April 14, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00196-CR

_____

### TYROND DWAYNE RICHARD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Case No. 1336435**

---

## MEMORANDUM OPINION

Appellant, Tyrond Dwayne Richard, proceeding *pro se* and incarcerated, attempts to appeal from the trial court's November 24, 2015 order denying his motion requesting a free copy of the trial records from his felony conviction. Appellant also filed a motion for the appointment of counsel and to abate this appeal

in the interest of justice to file an out-of-time appeal in this Court.[1]  We dismiss this appeal for want of jurisdiction and dismiss the motions as moot.

After a jury convicted appellant of the felony offense of possession, this Court affirmed the judgment of conviction in 2013.  *See Richard v. State*, No. 01-12-00995-CR, 2013 WL 3155957 (Tex. App.—Houston [1st Dist.] June 20, 2013, pet. ref'd) (mem. op., not designated for publication).  Our mandate issued on October 18, 2013.

On November 3, 2015, appellant, proceeding *pro se*, filed a post-conviction motion with the trial court styled as "Motion For Loaner of C.R-RR," requesting a free copy of the clerk's and reporter's records from his trial, apparently to file an out-of-time second appeal or an application for a post-conviction writ of habeas corpus.  The trial court summarily denied appellant's motion on November 24, 2015, by stamping "DENIED" at the end of his motion, without signing a separate order. On November 24, 2015, the trial clerk issued a memorandum response to appellant informing him that the trial court had denied his motion on that date.  On March 7, 2016, the trial clerk assigned appellant's appeal to this Court, noting that appellant filed a notice of appeal from the denial order on January 27, 2016.

---

[1]    Although appellant's motion listed trial court cause number 1357776, according to the clerk's record, cause number 1357776 was dismissed on October 16, 2012, after appellant was convicted in the underlying cause number 1336435.

2

A criminal defendant's notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, if the defendant has not filed a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal that complies with the requirements of rule 26 is essential to vest the court of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *See Slaton*, 981 S.W.2d at 210.

Here, appellant's notice of appeal of the November 24, 2015 order denying his post-conviction motion was not filed in the trial court until January 27, 2016, more than sixty days after the order was signed, and no motion for new trial was filed. *See* TEX. R. APP. P. 26.2(a)(1). Thus, under these circumstances, we can take no action other than to dismiss this appeal for want of jurisdiction. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 526.

Moreover, the right to appeal in criminal cases is conferred by the legislature, and a party may appeal only from judgments of conviction or interlocutory orders authorized as appealable. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2015); TEX. R. APP. P. 25.2(a)(2); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Thus, even if appellant's notice of appeal were timely, we also

lack jurisdiction because appellant is not appealing from a judgment of conviction or appealable interlocutory order. *See, e.g.*, *Hosea v. State*, No. 01-14-01017-CR, 2015 WL 831997, at *1 (Tex. App.—Houston [1st Dist.] Feb. 26, 2015, no pet.) (mem. op., not designated for publication) ("The denial of a motion to obtain a free record is not an appealable order") (internal quotation marks and citations omitted).

## CONCLUSION

Accordingly, we **dismiss** this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).