In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00009-CR
_____

**DAVID EARL STANLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. 19,197**

**MEMORANDUM OPINION**

David Earl Stanley seeks to appeal the denial of his request for the issuance of a subpoena duces tecum in a closed criminal case. On January 25, 2017, we notified the parties that our jurisdiction was not apparent from the notice of appeal, and notified them that the appeal would be dismissed for want of jurisdiction unless we received a response showing grounds for continuing the appeal. The appellant filed a response, but failed to articulate a valid basis for jurisdiction in that response. We dismiss the appeal for lack of jurisdiction.

1

Stanley was convicted of arson in trial court case number 19,197.[1] After his conviction became final, he sought to compel an insurance company to produce his files. On December 2, 2016, the trial court denied Stanley's request to issue a subpoena duces tecum to the insurance company. Stanley filed a notice of appeal from that order.

"Jurisdiction must be expressly given to the courts of appeals in a statute." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Because this appeal does not fall within any exceptions to the general rule that appeals may be taken only from a final judgment of conviction, we have no jurisdiction over the attempted appeal.[2] *See Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008). We dismiss the appeal for lack of jurisdiction.

---

[1] The final conviction in cause number 19,197 was affirmed on appeal in 2010 and our mandate issued in 2011. *See Stanley v. State*, No. 09-10-00067-CR, 2010 WL 4922909, at *8 (Tex. App.—Beaumont Dec. 1, 2010, no pet.) (mem. op., not designated for publication). The trial court's judgment revoking a community supervision order was affirmed on appeal and the mandate issued in 2013. *See Stanley v. State*, No. 14-12-00909-CR, 2013 WL 1928777, at *1 (Tex. App.— Houston [14th Dist.] May 9, 2013, pet. ref'd) (mem. op., not designated for publication).

[2] Stanley suggests he may pursue an appeal under Rule 49.7, but that rule concerns en banc reconsideration of an appeal, not a new appeal, and a motion for en banc reconsideration must be filed within 15 days after the court of appeals issues its judgment or denies a timely filed motion for rehearing or en banc reconsideration. *See* Tex. R. App. P. 49.7. This rule has no application here.

APPEAL DISMISSED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on February 21, 2017
Opinion Delivered February 22, 2017
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.