

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00045-CR
_____

ALISHIA MORRIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2016-409,491, Honorable William R. Eichman II, Presiding

February 13, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Alishia Morris, proceeding pro se, appeals the trial court's order for an incompetency examination pursuant to article 46B of the Texas Code of Criminal Procedure. We dismiss the appeal for want of jurisdiction.[1]

---

[1] On April 13, 2018, we dismissed appellant's appeal from the trial court's "Agreed Judgment of Commitment Following Competency Exam Incompetent But Likely to Regain Competency" for want of jurisdiction. *See Morris v. State*, No. 07-18-00061-CR, 2018 Tex. App. LEXIS 2638 (Tex. App.—Amarillo Apr. 13, 2018, no pet.) (per curiam) (mem. op., not designated for publication).

Appellant was indicted for aggravated assault causing bodily injury to a family member by use of a deadly weapon.[2] On January 14, 2019, the trial court issued an "Amended Order for Examination Regarding Incompetency and Order to Turn Over Discovery and Order for Protective Order," appointing an expert to examine appellant to determine whether she is incompetent to stand trial and directing appellant to submit to the examination. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.005(a) (West 2018), 46B.021 (West 2018). Appellant timely filed a notice of appeal from the order.

Generally, this court only has jurisdiction to consider an appeal by a criminal defendant where there has been a judgment of conviction. *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.— Fort Worth 1996, no pet.) (per curiam). We do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008).

The trial court's order for an incompetency examination is not a judgment of conviction. And, there is no statutory or constitutional provision allowing an interlocutory appeal from the order. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.011 (West 2018) ("Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005."); *Johnson v. Hays Cty. Dist. Attorney's Office*, Nos. 03-16-00228-CV, 03-16-00229-CV, 2016 Tex. App. LEXIS 6442, at *1-2 (Tex. App.—Austin June 17, 2016, no pet.) (mem. op.) (dismissing appeal from trial court's order for an incompetency examination for want of jurisdiction).

---

[2] TEX. PENAL CODE ANN. § 22.02(b)(1) (West 2011).

2

Accordingly, we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.