

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00189-CR
_____

JON SANTOS DELGADO-GORDON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 73,211-D; Honorable Pamela Cook Sirmon, Presiding

June 13, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Jon Santos Delgado-Gordon, attempts to appeal the trial court's order dismissing his post-conviction motion for discovery for want of jurisdiction. We likewise dismiss his appeal for want of jurisdiction.

In 2017, pursuant to an open plea of guilty, Appellant was convicted of murder and sentenced to sixty-five years confinement.[1]  Appellant did not appeal his conviction.  In January of 2019, Appellant filed a *Motion of Discovery* pursuant to article 39.14 of the Texas Code of Criminal Procedure, seeking all documents and items in the State's possession concerning his criminal case.  The trial court signed an order dismissing the motion for want of jurisdiction and Appellant appealed the order.

Generally, we have jurisdiction to consider an appeal by a criminal defendant only from a final judgment of conviction.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018); *Abbott v. State*, 271 S.W.3d 694, 697 n.8 (Tex. Crim. App. 2008).  We do not have jurisdiction to review a trial court's orders unless that jurisdiction has been expressly granted by statute.  *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014).  *See also* TEX. R. APP. P. 25.2(a)(2) (providing that a criminal defendant has the right to appeal a judgment of guilt or other appealable order).

The trial court's order dismissing Appellant's motion for discovery pursuant to article 39.14 is neither a judgment of conviction nor an order appealable by statute.  *See Bibbs v. State*, No. 02-18-00391-CR, 2018 Tex. App. LEXIS 9192, at *2 (Tex. App.—Fort Worth Nov. 8, 2018, no pet.) (mem. op., not designated for publication) (dismissing appeal from trial court's denial of article 39.14 motion for discovery for want of jurisdiction).  Accordingly, we do not have jurisdiction to review the order.

---

[1] TEX. PENAL CODE ANN. § 19.02(b)(3) (West 2019).

Because Appellant has failed to properly invoke the jurisdiction of this court, we dismiss the appeal for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] Appellant may be entitled to relief, however, by filing an application for writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal from his criminal conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).