# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00409-CR

---

**Bo Michael Dresner, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF HAYS COUNTY
### NO. CR-19-0800-B, THE HONORABLE JACK H. ROBISON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Bo Michael Dresner stands charged by indictment with multiple child sexual abuse offenses and numerous counts of possession with intent to promote child pornography. *See* Tex. Penal Code §§ 21.02(a) (continuous sexual abuse of young child or children), 21.11(a)(1) (indecency with child by sexual contact), 22.021(a)(1)(B) (aggravated sexual assault of child), 43.26(a), (f) (possession with intent to promote child pornography). He seeks to appeal the trial court's order denying his pretrial request for bond reduction.

In criminal cases, the standard for determining jurisdiction of an appellate court "is not whether the appeal is precluded by law, but whether the appeal is authorized by law. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)); *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012); *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011).

This standard extends to interlocutory appeals as well: "'The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law.'" *Ragston*, 424 S.W.3d at 52 (quoting *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991)); *see* Tex. Const. art. V, § 6(a) (providing that courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law"). "There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." *Ragston*, 424 S.W.3d at 52.

Here, although the order that appellant seeks to appeal is, somewhat confusingly, entitled *Final Order on Application for Writ of Habeas Corpus or Order on Motion to Reduce Bond and Order on Conditions of Bond*, the record demonstrates that the trial court's order denied appellant's motion to reduce bond not an application for writ of habeas corpus.[1] *Compare id.* at 52 (holding courts of appeals do not have jurisdiction to consider interlocutory appeals of denial of pretrial motion for bond reduction) *with e.g.*, *Ex parte Gill*, 413 S.W.3d 425, 426 (Tex. Crim. App. 2013) (considering appeal from denial of application for writ of habeas corpus under Article 17.151).

---

[1] The record reflects that eight months before appellant filed his motion to reduce bond, the trial court denied a pretrial application for writ of habeas corpus in which appellant sought release pursuant to article 17.151 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 17.151 (requiring release of defendant detained in jail pending trial on personal bond or by bail reduction if State is not ready for trial within specified time period). The appeal of the trial court's order denying habeas relief, which was before this Court in cause number 03-19-00835-CR, was abated for a hearing pursuant to Rule 38.8 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 38.8(b)(3). After the hearing, the trial court made fact findings that reflected that the trial court's June 15, 2020 ruling denying appellant's request for a bond reduction—the ruling that the order at issue here memorializes—was a ruling on appellant's subsequently filed motion to reduce bond. In addition, citing *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014), the trial court concluded that any appeal of such ruling should be dismissed because appellant had no right to an interlocutory appeal of that decision.

Therefore, because the order that is the subject of this appeal is an interlocutory order denying appellant's pretrial motion for a bond reduction, it is not an appealable order, and we lack jurisdiction over this appeal. *See Ragston*, 424 S.W.3d at 52; *see also Ex parte Holt*, No. 03-18-00029-CR, 2018 WL 1937315, at *1 (Tex. App.—Austin Apr. 25, 2018, no pet.) (mem. op., not designated for publication) (holding that court lacked jurisdiction over interlocutory appeal from orders denying motions for bond reduction). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *see, e.g.*, *Fairchild v. State*, No. 03-20-00354-CR, 2020 WL 5608480, at *1 (Tex. App.—Austin Sept. 18, 2020, no pet.) (mem. op., not designated for publication) (dismissing appeal of trial court's order denying pretrial motion for want of jurisdiction).

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Dismissed for Want of Jurisdiction

Filed: January 8, 2021

Do Not Publish

3