**Opinion issued May 18, 2021**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-21-00181-CR**

**NO. 01-21-00183-CR**

_____

**RICHARD A. DUNSMORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Case Nos. 56909 & 56910**

## MEMORANDUM OPINION

On October 8, 2010, appellant, Richard A. Dunsmore, was convicted of the

offenses of sexual assault and attempted sexual assault in trial court case numbers

56909 and 59610.[1]  On April 12, 2012, this Court dismissed Dunsmore's untimely appeals of his 2010 convictions for lack of jurisdiction.  *See Dunsmore v. State,* Nos. 01-10-00981-CR, 01-10-00982-CR, 2012 WL 1249418, at *1 (Tex. App.—Houston [1st Dist.] April 12, 2012, pet. ref d) (mem. op., not designated for publication).

Acting pro se, Dunsmore filed two related notices of appeal, assigned appellate case numbers 01-21-00181-CR and 01-21-00183-CR, attempting to appeal from a March 1, 2021 trial court order denying motions filed by Dunsmore in the trial court, including a "Motion for the Appointment of Counsel to Determine *Brady* Violation," and "Request to Consolidate *Brady* Violation and Prosecutorial Misconduct Hearings" concerning his 2010 convictions in trial court case numbers 56909 and 56910.  *See generally Brady v. Maryland*, 373 U.S. 83 (1963).

We dismiss the appeals for lack of jurisdiction.

The right to appeal in criminal cases is conferred by statute, and a party may only appeal from a judgment of conviction or an interlocutory order as authorized by statute.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2); *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014).  A court of appeals

---

[1]  On November 10, 2016, the trial court entered an order of commitment in connection with a final judgment on a unanimous jury verdict finding that Dunsmore is a sexually violent predator.  *See* TEX. HEALTH & SAFETY CODE ANN. § 841.081; *see also In re Commitment of Dunsmore*, 562 S.W.3d 732 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (affirming trial court's judgment and order of commitment).

does not have jurisdiction to review an interlocutory order in a criminal case when jurisdiction has not been expressly granted by statute. *See Ragston*, 424 S.W.3d at 52; *see also State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (explaining appeals "in a criminal case are permitted only when they are specifically authorized by statute"); *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010) (noting "an interlocutory appeal is an extraordinary remedy").

The trial court's March 1, 2021 order denying Dunsmore's "Motion for the Appointment of Counsel to Determine a *Brady* Violation" and "Request to Consolidate *Brady* Violation and Prosecutorial Misconduct Hearings" is neither a judgment of conviction nor an appealable interlocutory order. *See, e.g., Dunsmore v. State*, Nos. 01-14-00251-CR, 01-14-00307-CR, 01-14-00274-CR, 01-14-00306-CR, 2014 WL 4418565, at *1 (Tex. App.—Houston [1st Dist.] Sept. 9, 2014, pet. ref'd) (mem. op., not designated for publication) (dismissing Dunsmore's appeal from order denying motion for appointment of counsel for lack of jurisdiction); *Cooper v. State*, No. 05-12-01738-CR, 2013 WL 1286208, at *1 (Tex. App.—Dallas March 1, 2013, no pet.) (mem. op., not designated for publication) ("[T]he denial of court-appointed counsel is not a judgment of conviction nor does it fall within the categories of appealable interlocutory orders.").

Because the trial court's order denying Dunsmore's motions was neither a final judgment nor an appealable interlocutory order, we hold that we lack

jurisdiction over Dunsmore's appeals. Accordingly, we dismiss the appeals for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Guerra, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).