**Dismissed and Opinion Filed June 29, 2021**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00473-CR

**JERRY DWIGHT BLANEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F05-00065-P**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Molberg

On July 18, 2008, a jury found Jerry Dwight Blaney guilty of aggravated

sexual assault of a child under the age of fourteen years and sentenced him to life in

prison and a $10,000 fine. His conviction was affirmed on direct appeal. *See Blaney*

*v. State*, No. 05-08-01049-CR, 2011 WL 94704 (Tex. App.—Dallas Jan. 12, 2011,

no pet.) (not designated for publication). On June 22, 2021, he filed a pro se notice

of appeal. We dismiss this appeal for lack of jurisdiction.

This Court may only review criminal appeals authorized by statute. *Ragston*

*v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *see also* TEX. CODE CRIM. PROC.

ANN. art. 44.02 (authorizing defendant's right to appeal "under the rules hereinafter

prescribed"). Generally, criminal defendants may appeal only from final judgments. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). Unless a statute expressly grants a right of appeal, interlocutory orders are not appealable. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); A*polinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).

A defendant perfects his appeal by timely filing a written notice of appeal with the trial court clerk. *See* TEX. R. APP. P. 25.2(c). To be timely, the notice of appeal must be filed within thirty days after the date sentence was imposed or within ninety days after sentencing if the defendant timely filed a motion for new trial. *See* TEX. R. APP. P. 26.2(a). The rules of appellate procedure allow the time to file a notice of appeal to be extended if the party files, within fifteen days of the filing deadline, both the notice of appeal and a motion to extend the time to file the notice of appeal. *See* TEX. R. APP. P. 10.5(b), 26.3. In the absence of a timely perfected notice of appeal, the Court must dismiss the appeal. *Ex parte Castillo*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant's notice of appeal states he "filed a case" in April 2021 in the trial court under "Discovery – subpoena. Actual Innocence – Capital crimes" but that the "court clerk refused to file [his] case." He is "guessing" his case is "denied or dismissed" and concedes he has no case number out of the trial court. Without a final judgment or appealable order from the trial court, there is nothing to appeal, and this

Court lacks jurisdiction to take any action. And appellant's June 2021 notice of appeal is untimely as to his original conviction.

Under these circumstances, we have no other option than to dismiss this appeal.

/Ken Molberg//

KEN MOLBERG
JUSTICE

210473f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JERRY DWIGHT BLANEY,
Appellant

No. 05-21-00473-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F05-00065-P.
Opinion delivered by Justice
Molberg. Justices Goldstein and
Smith participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered this 29th day of June, 2021.