

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0824-13

**JOSHUA DEWAYNE RAGSTON, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON DISCRETIONARY REVIEW
## FROM THE FOURTEENTH COURT OF APPEALS,
## GRIMES COUNTY

*Womack, J., delivered the opinion of the unanimous Court.*

## OPINION

In this case, we address whether courts of appeals have jurisdiction to consider an

interlocutory appeal of a pretrial motion for bond reduction. The intermediate court held

that it does not have jurisdiction. We affirm.

## Procedural History

On August 16, 2012, the appellant was indicted for one count of capital murder,

one count of murder, and one count of aggravated robbery, all stemming from an incident that occurred on July 17, 2009, when the appellant was 17 years old. The appellant was jailed and held on no bond for the capital murder charge, and bond was set at $500,000 each for the murder and the aggravated robbery charges.

The appellant filed a motion for bond reduction, arguing he was entitled to release on a personal recognizance bond for the capital murder charge pursuant to Texas Code of Criminal Procedure article 17.151.

The trial court ordered that the appellant would continue to be held without bond on the capital murder and murder charges and reduced the bond on the aggravated robbery charge to $250,000. The appellant filed an interlocutory appeal of the trial court's order on his motion for bond reduction. The Court of Appeals granted the State's motion to dismiss for want of jurisdiction.[1]

We granted discretionary review to decide whether the courts of appeals have jurisdiction in such appeals.

### Jurisdiction of the Courts of Appeals

The courts of appeals have divided on the issue of their jurisdiction to review interlocutory orders regarding excessive bail or the denial of bail.[2] The courts that have

---

[1] *Ex parte Ragston*, 402 S.W.3d 472 (Tex. App.–Houston [14th Dist.] 2013).

[2] A number of courts of appeals have found they do not have jurisdiction over interlocutory appeals from a trial court's order on a motion for bond reduction. *See Sanchez v. State*, 240 S.W.3d 848, 849 (Tex. App.–San Antonio 2011, no pet.); *Keaton v. State*, 294 S.W.3d 870, 873 (Tex. App.–Beaumont 2009, no pet.); *McCarver v. State*, 257 S.W.3d 512, 514-15

found jurisdiction relied exclusively on Rule 31 of the Rules of Appellate Procedure (formerly Rule 44) and on a footnote in this Court's *Primrose* decision which addressed that Rule.[3] They argue there is an exception allowing for jurisdiction over interlocutory orders for the denial of a motion to reduce bail.[4]

Rule 31 is captioned "Appeals in Habeas Corpus, Bail, and Extradition Proceedings in Criminal Cases," and it refers to procedures for "appeal from a judgment or order in a habeas corpus or bail proceeding...."[5] In the *Primrose* footnote, this Court referred to Rule 44, the precursor to today's Rule 31, and wrote:

> However, Rule 44(a), supra, clearly contemplates direct appeals "in habeas corpus *and bail proceedings* …." That appeal is to be "taken to the court of appeals," Rule 44(b), supra, and the decision rendered by that court may then be subject to discretionary review by this Court. Rule 44(e), supra.[6]

The appellant makes the same arguments, relying on Rule 31 and the *Primrose*

---

(Tex. App.–Texarkana 2008, no pet.); *Vargas v. State*, 109 S.W.3d 26, 29 (Tex. App.–Amarillo 2003, no pet.); *Benford v. State*, 994 S.W.2d 404, 409 (Tex. App.–Waco 1999, no pet.); *Ex parte Shumake*, 953 S.W.2d 842, 846-47 (Tex. App.–Austin 1997, no pet.).

Conversely, a number of courts of appeals have held they do have jurisdiction to hear an interlocutory appeal from a pretrial motion for bond reduction. *See Ramos v. State*, 89 S.W.3d 122, 124-26 (Tex. App.–Corpus Christi 2002, no pet.); *Clark v. Barr*, 827 S.W.2d 556, 557 (Tex. App.–Houston [1st Dist.] 1992, no writ).

[3] *Primrose v. State*, 725 S.W.2d 254 (Tex. Cr. App. 1987).

[4] *See, e.g., Benford*, 994 S.W.2d at 409 (noting the First Court of Appeals expressly followed *Primrose*, while the Fort Worth and Dallas courts recognized a narrow exception for interlocutory appeals where the trial court denied a motion to reduce bail).

[5] TEX. R. APP. P. 31.1.

[6] *Primrose*, 725 S.W.2d at 256, n.3 (emphasis in original).

footnote as support for his argument that the Court of Appeals had jurisdiction in this case and erred in dismissing his appeal.

The courts of appeals derive their authority and jurisdiction from the Constitution of the state of Texas, which provides: "Said Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be *prescribed by law*."[7]

Jurisdiction must be expressly given to the courts of appeals in a statute. "[T]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law."[8] This extends to interlocutory appeals as well, of which this Court has said: "The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law."[9]

The courts of appeals that have found they have jurisdiction cite Rule 31, and this Court's comments on that rule in *Primrose*, as the express grant of jurisdiction. However, the *Primrose* footnote was dictum, and, as Professors Dix and Schmolesky note, "may have overlooked a statutory prohibition against the court's use of its rulemaking authority

---

[7] TEX. CONST. art. V, § 6 (emphasis added).

[8] *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Cr. App. 2008); *see also Lyon v. State*, 872 S.W.2d 732, 734 (Tex. Cr. App. 1994) ("The right to appeal a criminal conviction is a substantive right solely within the province of the Legislature.").

[9] *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Cr. App. 1991).

to expand a defendant's right to appeal."[10] The Texas Government Code grants this Court "rulemaking power to promulgate rules of posttrial, appellate, and review procedure in criminal cases except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant."[11] To put it more succinctly, "The Rules of Appellate Procedure do not establish courts of appeals' jurisdiction; they provide procedures which must be followed by litigants to invoke the jurisdiction of the courts of appeals so a particular appeal may be heard."[12]

A rule of appellate procedure cannot, by itself, grant the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail, because this Court's rules cannot enlarge the rights of litigants beyond those provided in the constitutions or a statute. There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail.

We affirm the holding of the court of appeals.

Delivered February 5, 2014.
Publish.

---

[10] 41 George E. Dix & John M. Schmolesky, Tex. Prac., Criminal Practice and Procedure § 21:55, n.2 (3d ed. 2011).

[11] TEX. GOV'T CODE § 22.108(a).

[12] *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Cr. App. 1996); *see also Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Cr. App. 2002) ("… any rules created by this Court cannot enlarge a defendant's legislatively granted right to appeal.").