**Dismissed and Memorandum Opinion filed April 14, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00872-CR

**CARLOS ALBERTO BUSTOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1355620**

## M E M O R A N D U M   O P I N I O N

Appellant has been charged with aggravated sexual assault. Appellant's pre-trial bond was revoked by written order signed November 5, 2013. On September 9, 2014, appellant filed a motion requesting that the trial court reduce the new $100,000 bond and reinstate his original bail amount or set a "reasonable" bail. The trial court denied the motion by a written order signed October 7, 2014. On October 20, 2014, appellant filed a notice of appeal. The clerk's record was filed December 3, 2014.

The Texas Court of Criminal Appeals recently held that appellate courts lack jurisdiction to review an interlocutory appeal from an order denying a motion for pretrial bail reduction. *See Ragston v. State,* 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (holding that there is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding allegedly excessive bail or the denial of bail). The *Ragston* court made it clear that Texas Rule of Appellate Procedure 31, which provides the procedures for appeals in habeas corpus and bail proceedings, does not grant a right of interlocutory appeal from an order denying a pretrial motion for bond reduction. *Id.*

Accordingly, we order the appeal dismissed for want of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).