

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00529-CR

Abelardo G. **GONZALEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2008CRR000657-D1
Honorable David Peeples, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Luz Elena D. Chapa, Justice
              Jason Pulliam, Justice

Delivered and Filed:  October 28, 2015

DISMISSED FOR LACK OF JURISDICTION

Appellant Abelardo Gerardo Gonzalez filed a notice of appeal on August 10, 2015, stating he is appealing the denial of his post-judgment motion to recuse in cause numbers 2008-CRR-657, 2008-CRR-662, and 2008-CRR-665. The judgments of conviction in the clerk's records, as well as the copies of those judgments that Gonzalez provided to the court, show the trial court imposed Gonzalez's sentences in those causes on January 15, 2010.

On September 18, 2015, we ordered Gonzalez to show why this appeal should not be dismissed for want of jurisdiction. In our order, we noted that "[j]urisdiction must be expressly given

to the courts of appeals in a statute," *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014), and "the standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). Gonzalez responded stating (1) he has been unable to review the clerk's records and therefore cannot know what is wrong with or missing from them; (2) he intends to appeal the trial court's denial of his post-trial second motion to recuse, which is not an interlocutory order; and (3) he has exercised due diligence in appealing the trial court's order.

In this case, our jurisdiction depends not upon what is missing from the clerk's record, but upon on Gonzalez's notice of appeal and the judgments of conviction. We are unaware of any statute, and Gonzalez does not cite a statute, granting us jurisdiction over Gonzalez's appeal. The trial court imposed Gonzalez's sentences on January 15, 2010, and Gonzalez's August 10, 2015 notice of appeal expressly challenges the trial court's denial of his motion to recuse. Without a statute authorizing this appeal, the order denying a motion to recuse is not appealable and we lack jurisdiction even if Gonzalez exercised due diligence in filing this appeal. *See Ragston*, 424 S.W.3d at 52; *Abbott*, 271 S.W.3d at 696-97. Gonzalez has not cited any authority and we are aware of none authorizing this appeal.

Therefore, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH