# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-17-00049-CR
NO. 03-17-00050-CR
NO. 03-17-00051-CR
NO. 03-17-00052-CR
NO. 03-17-00053-CR

**Wesley Eugene Perkins, Appellant**

**v.**

**State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
NOS. C1-CR-15-100065, C1-CR-15-100066, NO. C1-CR-15-100067,
C1-CR-15-100068, C1-CR-15-100069,
HONORABLE MIKE DENTON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In July 2014, Wesley Eugene Perkins was pulled over by an officer with the Austin Police Department. The officer cited Perkins with five offenses: speeding, driving without a valid driver's license, failing to display a valid inspection sticker, driving an unregistered motor vehicle, and driving while his license was invalid.[1] *See* Tex. Transp. Code §§ 502.040, 521.021, 521.457,

---

[1] Perkins was also charged with the class C misdemeanor offense of failing to maintain financial responsibility, *see* Tex. Transp. Code § 601.051, and with the offense of fleeing or attempting to elude a police officer, a class B misdemeanor, *see id.* § 545.421(c). According to the State, the charge of failing to maintain financial responsibility was voluntarily dismissed. The charge of fleeing or attempting to elude a police officer was separately tried in county court and affirmed by this Court on appeal. *See Perkins v. State*, No. 03-15-00702-CR, 2016 WL 4272109, at *1 (Tex. App.—Austin Aug. 11, 2016, pet. dism'd) (mem. op., not designated for publication).

545.352, 548.602. Perkins was charged with the offenses in Austin Municipal Court. *See* Tex. Gov't Code § 30.00005 (jurisdiction of municipal courts of record).

Following a jury trial in August 2015, Perkins was found guilty of all the charged offenses and assessed $1,270 in fines. Perkins appealed all five causes to the county court at law, *see id.* §§ 25.003, 30.00014, and the municipal court record was transferred to the county court, *see id*. § 30.00020. For reasons that are not apparent from the record before us, a document entitled "original petition or writ of certiorari" was included in the clerk's record of the municipal court and was forwarded to the county court for Perkins's appeals.[2] Perkins filed the petition writ of certiorari in the United States Supreme Court in connection with charges arising from traffic stops in 2007 and 2013 that were prosecuted in municipal court and affirmed by the county court and subsequently by this Court. *See Perkins v. State*, Nos. 03-14-00305-00310-CR, 2015 WL 3941572, at *1 (Tex. App.—Austin June 25, 2015, pet. denied) (mem. op., not designated for publication), *cert. denied*, 136 S. Ct. 817 (2016).

On December 13, 2016, the county court signed a judgment concluding that it "has no jurisdiction to consider the Brief [in support of Writ of Certiorari] or the Writ [of Certiorari]." In its judgment, the court stated:

> [Perkins] was charged and convicted by [a] jury of two instances each of Expired Inspection Sticker, Failing to Maintain Financial Responsibility and Expired Vehicle Registration in the Austin Municipal Court. Perkins appealed to the Travis County Court at Law 1 which affirmed the trial court's judgments of guilty. Perkins appealed to the Texas Court of Appeals, Third District at Austin. The Court found

---

[2] Perkins has represented himself throughout these proceedings, including in this Court on appeal. Perkins disputes who filed the document with the municipal court.

2

no reversible error and affirmed the judgment, ordering Perkins to pay all costs relating to the Appeal.

A Writ of Certiorari has been filed by Appellant. The Writ is addressed to the Supreme Court of the United States. However, Appellant's Brief in support of the Writ, is addressed to the Travis County Court at Law 4. Additionally, Perkins First Motion for Leave to Supplement is addressed to Court 4.

To the Extent the Writ is before this Court, these points have been addressed and ruled on by the Third Court of Appeals. This court does not have the ability to decide the defendant's Writ attacking the decisions made by the Third District Court of Appeals or to consider the brief. To the extent this court has any jurisdiction, this Writ is dismissed.

Perkins has now filed a notice of appeal in this Court, seeking to appeal the December 13 judgment. *See* Tex. Gov't Code § 30.00027(a)(1). In twenty five issues, Perkins contends, among other things, that the county court erred in considering his petition for writ of certiorari as the basis of his appeals from his municipal court convictions.[3] In response, the State asserts, in part, that the county court did not decide Perkins's appeals on the merits, but instead declined to exercise jurisdiction over the appeals based on the "mistaken belief that [Perkins] had made a procedural error in filing the instant cases in that court and dismissed his appeals for want of jurisdiction." The State points out that "[t]his would have been an entirely appropriate course of action to take . . . had [Perkins], in fact, attempted to re-appeal cases already heard in this Court and on to the Supreme Court." Thus, the State reasons, the county court's basis for dismissing Perkins's appeals "would appear to be faulty."

---

[3] Perkins filed various motions in the municipal court, challenging the trial court's subject-matter jurisdiction over what he contends are "civil non-cases" and the State's standing to pursue what he contends are civil charges. Perkins also objected to the court's exercise of personal jurisdiction over him on the ground that he had not been afforded proper notice of the charges against him. The municipal court considered and denied all of Perkins's jurisdictional challenges and other objections in a pretrial hearing. Perkins also challenges these denials in this appeal.

3

We agree, as the State concedes, that the county court did not decide the merits of Perkins's appeals. The county court, apparently confused by Perkins's decision to interject his previously litigated claims into the current dispute by filing a copy of his petition for writ of certiorari, dismissed Perkins's appeals to the extent he was attempting to relitigate or collaterally attack the judgments of conviction arising from his 2007 and 2013 traffic stops. The county court did not dispose of Perkins's current appeals from the judgments of conviction in municipal court arising from his 2014 traffic stop.

Courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal unless that jurisdiction has been expressly granted by law. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Because the December 13 judgment did not operate as a final judgment with respect to Perkins's current appeals in county court and because nothing in Chapter 30 of the Government Code, nor any other constitutional or statutory authority, expressly provides for an interlocutory appeal of the December 13 judgment, we dismiss the appeals for want of jurisdiction.[4] *See* Tex. R. App. P. 43.2(f).

---

[4] The State has filed a motion requesting that we sanction Perkins for raising groundless arguments on appeal. *See* Tex. Code Crim. Proc. art. 1.052(e). This Court previously warned Perkins that we would assess sanctions if, in subsequent proceedings, he continued to raise the same arguments regarding the definition of "transportation," the scope of the Transportation Code, the disqualification of the municipal judge, the notice and sufficiency of the complaints, and the "round-robin" handling of cases. *See Perkins*, 2016 WL 4272109, at \*15. Despite our admonishment, Perkins now makes substantively identical arguments in his appellate brief in this matter. Because we do not have jurisdiction over these appeals, we must deny the State's motion at this time. However, we again remind Perkins that "repetition of these arguments in subsequent proceedings could lead to a different result." *See id.* at \*15 n.8; *see also Perkins v. State*, No. 03-14-00733-CR, 2016 WL 691265 (Tex. App.—Austin Feb. 19, 2016, pet. denied) (mem. op., not designated for publication) (appeal from conviction of driving while license invalid in 2013, making same arguments)*, cert. denied*, 137 S. Ct. 1070 (2017).

4

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Field and Bourland

Dismissed for Want of Jurisdiction

Filed:   July 20, 2017

Do Not Publish