

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00006-CR
No. 02-20-00007-CR
No. 02-20-00009-CR

_____

DEQUAVIOUS EUGENE SANDERSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court Nos. DC89-CR2019-0319, 61176-C 1-3, 61147-C

Before Wallach, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

In his notices of appeal, Appellant Dequavious Eugene Sanderson indicates that these appeals are from the denial of pretrial habeas relief. A review of the clerk's records, however, reveals no application for writ of habeas corpus, no writ of habeas corpus, and no order denying pretrial habeas relief. Instead, in each case, Appellant filed an amended motion to reduce bail, the trial court signed an order denying it, and Appellant filed a notice of appeal complaining of that denial.

We notified Appellant of our concern that we lack jurisdiction over these appeals because a trial court's order denying a pretrial motion to reduce bail is not appealable. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *but cf. Ex parte Peyton*, No. 02-16-00029-CR, 2016 WL 2586698, at *1 n.2 (Tex. App.—Fort Worth May 5, 2016) (mem. op., not designated for publication) (explaining that court of appeals does have jurisdiction over appeal from denial of pretrial habeas corpus application seeking bail reduction), *pet. dism'd*, No. PD-0677-16, 2017 WL 1089960 (Tex. Crim. App. Mar. 22, 2017) (per curiam) (not designated for publication). We indicated that we could dismiss these appeals for want of jurisdiction absent a response from Appellant or the State showing grounds for continuing the appeal. In Appellant's response, he urges us to treat these appeals as we would treat appeals from the denial of pretrial habeas relief. This we cannot do.

We have jurisdiction to consider an appeal from the denial of pretrial habeas relief. *See, e.g., Ex parte Gill*, 413 S.W.3d 425, 426 (Tex. Crim. App. 2013) (noting that

2

appellants had filed applications for writs of habeas corpus seeking reduction of pretrial bail, relief had been denied, and the court of appeals had affirmed the denials). However, in *Ragston*, the Texas Court of Criminal Appeals held, "There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." 424 S.W.3d at 52. Thus, whether we can entertain an interlocutory appeal from the denial of a bail-reduction request depends on how the defendant presented that request to the trial court. If the request was in a pretrial application for writ of habeas corpus and the trial court denied relief, we have jurisdiction over an appeal from the denial of that relief. *See Gill*, 413 S.W.3d at 426; *Peyton*, 2016 WL 2586698, at *1 n.2. If the request was in a motion for bond reduction and the trial court denied the motion, as here, we have no jurisdiction over that interlocutory appeal. *See Ragston*, 424 S.W.3d at 52; *Lopez v. State*, No. 04-18-00165-CR, 2018 WL 2121347, at *1 (Tex. App.—San Antonio May 9, 2018, no pet.) (per curiam) (mem. op., not designated for publication); *cf. Blakely v. State*, No. 02-18-00188-CR, 2018 WL 3153545, at *1 (Tex. App.—Fort Worth June 28, 2018, no pet.) (mem. op., not designated for publication) (holding we lack jurisdiction over interlocutory appeal from denial of personal bond). We therefore dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 20, 2020