**Order entered April 12, 2021**



## In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00186-CR

### EX PARTE ZAVIER COMMINEY

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-76079-V**

## ORDER

On February 24, 2021, appellant filed with the trial court clerk a notice of appeal stating his intent to appeal "the trial court's Order denying his Application for a Writ of Habeas Corpus" in this case. The notice of appeal was filed with this Court on March 25, 2021. On March 29, 2021, the clerk's record was filed. The clerk's record does not contain an application for writ of habeas corpus nor does it contain an order denying a writ application other than one entered in 2019. Instead, the clerk's record contains a set of "Findings," signed by a magistrate on January 11, 2021, stating appellant is charged with murder, denying appellant a personal bond, and setting bail at $5,000,000.

On March 31, 2021, appellant filed a docketing statement indicating that he was appealing an order entered February 10, 2021 that denied his writ application. The docketing statement further indicates that appellant had not requested a clerk's record or reporter's record, but that both would be requested on March 31, 2021.

This Court has jurisdiction to review an order denying a pretrial writ of habeas corpus seeking the setting of reasonable bail or a reduction in bail, but it does not have jurisdiction to consider a pretrial motion seeking the same relief. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Ex parte Gill*, 213 S.W.3d 425, 426 (Tex. Crim. App. 2014) (reviewing court of appeals determination on pretrial habeas proceeding seeking personal bond or reduction of bail); *see also Sanderson v. State*, No. 02-20-00006-CR, 2020 WL 827590, at *1 (Tex. App.—Fort Worth Feb. 20, 2020, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction appeal purporting to be appeal from denial of pretrial habeas application where record showed appeal was from denial of motion seeking bail reduction).

Because the clerk's record filed does not show the Court has jurisdiction, we **ORDER** appellant to file, within **FOURTEEN DAYS** of the date of this order, a jurisdictional brief explaining the basis for the Court's jurisdiction. The State may respond with its own jurisdictional brief within **FOURTEEN DAYS** of the filing of appellant's jurisdictional brief.

We further **ORDER** the Dallas County District Clerk to file, within **FOURTEEN DAYS** of the date of this order, either (1) a supplemental clerk's record containing appellant's pretrial application for writ of habeas corpus, any response from the State, and the trial court's order denying relief entered on or about February 10, 2021, or (2) a letter verifying the Dallas County District Clerk does not possess any of the documents ordered above.

After supplementation of the record and the filing of jurisdictional briefs, if any, the Court will either dismiss the appeal for want of jurisdiction or issue an order setting further deadlines in this case.


/s/    LANA MYERS
        JUSTICE