

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00090-CR
No. 02-21-00091-CR

———————————————————

JOE DELL CONLEY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court Nos. 1635445D, 1636097D

No. 02-21-00093-CR

_____

JOE DELL CONLEY, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 8
Tarrant County, Texas
Trial Court No. 1632951

_____

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant Joe Dell Conley filed a "Notice of Appeal of Trial Courts Denial of Reduction of Bail," complaining that: (1) the 396th District Court of Tarrant County denied his request to reduce bail in trial court cause number 1635445D (appeal No. 02-21-00090-CR); (2) the 396th District Court of Tarrant County denied his request to reduce bail in trial court cause number 1636097D (appeal No. 02-21-00091-CR); and (3) County Criminal Court No. 8 denied his request to reduce bail in trial court cause number 1632951 (appeal No. 02-21-00093-CR). In the interest of judicial economy, we consolidate the three appeals and issue a single opinion disposing of them. *See Adams v. State*, Nos. 13-11-00173-CV, 13-11-00174-CV, 13-11-00175-CV, 13-11-00176-CV, 2011 WL 4840963, at *1 n.1 (Tex. App.—Corpus Christi–Edinburg Oct. 13, 2011, pet. denied) (mem. op.) (issuing a single opinion disposing of four appeals from three trial courts "in the interest of judicial economy").

The record reflects that Conley filed a "Motion to Reduce Bond," in trial court cause number 1636097D, requesting that the trial court reduce his bail in that case. The 396th District Court denied Conley's motion. The record does not contain any other motions to reduce bail, nor does it contain any other trial court orders regarding such motions.

We notified Conley of our concern that we lack jurisdiction over these appeals because the respective trial courts had not entered any appealable orders. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (holding that a

3

court of appeals generally only has jurisdiction to consider an appeal by a criminal defendant where there has been a judgment of conviction); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (holding that a court of appeals lacks jurisdiction to hear interlocutory appeals of pretrial orders regarding excessive bail or denial of bail). We indicated that we could dismiss these appeals for want of jurisdiction absent a response showing grounds for continuing the appeals. *See* Tex. R. App. P. 43.2(f); 44.3. Conley responded but did not establish that we have jurisdiction over these appeals.[1]

Generally, this court has jurisdiction to consider appeals by criminal defendants only after a judgment of conviction. *See McKown*, 915 S.W.2d at 161. We do not have jurisdiction to hear interlocutory appeals from pretrial orders regarding the denial of a motion regarding excessive bail. *Ragston*, 424 S.W.3d at 52. *But cf. Ex parte Peyton*, No. 02-16-00029-CR, 2016 WL 2586698, at *1 n.2 (Tex. App.—Fort Worth May 5, 2016) (mem. op., not designated for publication) (explaining that a court of appeals does have jurisdiction over an appeal from the denial of a pretrial habeas corpus application seeking bail reduction), *pet. dism'd*, No. PD-0677-16, 2017 WL 1089960 (Tex. Crim. App. Mar. 22, 2017) (not designated for publication). Because the only order before us is the 396th District Court's pretrial order denying Conley's motion to

---

[1]Indeed, Conley's response candidly noted that he "cannot cite authorities to compe[l] or invoke this court's jurisdiction in this matter."

4

reduce bail, we dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Ragston*, 424 S.W.3d at 52.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 26, 2021