**Opinion issued January 19, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-22-00908-CR**

**NO. 01-22-00909-CR**

————————————

**QUINCY DESHAN BUTLER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case No. 12-10-14234 and 12-10-14235**

---

## MEMORANDUM OPINION

Appellant, Quincy Deshan Butler, is attempting to appeal from the trial court's

November 15, 2022 order denying Butler's motion requesting that he be permitted

to withdraw his plea in two trial court causes. The State of Texas filed a motion to

dismiss, claiming that this Court lacks jurisdiction over these appeals. Butler filed a response to the State's motion to dismiss. We dismiss the appeals.

On August 6, 2013, Butler was convicted of the offenses of possession of a controlled substance and evading with a vehicle. Butler was sentenced to 13 years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Butler did not appeal these convictions. On November 7, 2022, Butler filed in the trial court a motion to withdraw his guilty pleas. The trial court denied these motions by written order signed on November 15, 2022. Butler filed a notice of appeal from this order on December 5, 2022.

In each of Butler's appellate causes, the State filed a motion to dismiss for lack of jurisdiction, arguing that an order denying a post-judgment motion to withdraw a guilty plea is not an appealable order and that the trial court lost plenary power to enter the orders denying Butler's motions. Butler responded to the State's motion, arguing that the trial court had plenary power and that the trial court's orders are appealable.

Generally, an appellate court has jurisdiction to consider an appeal from a final judgment of conviction. *See* TEX. CODE CRIM. PROC. art. 44.02; *Abbott v. State*, 271 S.W.3d 694, 697 & n.8 (Tex. Crim. App. 2008). We do not have jurisdiction to review interlocutory orders unless jurisdiction has been expressly conferred by statute. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Because

2

the trial court order Butler is attempting to appeal is a post-conviction interlocutory order for which no statute permits appeal, we lack jurisdiction to review it. *See* TEX. CODE CRIM. PROC. art. 44.02; *Ragston*, 424 S.W.3d at 52.

Accordingly, we dismiss the appeals for lack of jurisdiction. Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Goodman, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).