**Opinion filed February 9, 2023**



In The

# Eleventh Court of Appeals

———————

## No. 11-23-00017-CR

———————

## IN RE FRED GONZALES

**Original Proceeding**

### M E M O R A N D U M   O P I N I O N

Relator, Fred Gonzales, has filed this original proceeding pro se. According to Relator, he has been charged with aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02 (West Supp. 2022). Relator states that the 91st District Court of Eastland County has issued an "order of incompetence" in his case on December 9, 2021. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.005 (West 2018). In his petition, Relator requests this court to provide him with various forms of relief based on alleged violations of his rights by his defense attorney, the district court, the district clerk, the jail, and a visitor at the jail "who does competency restoration." We dismiss the proceeding.

This court has no jurisdiction over this original proceeding, which Relator calls a petition for discretionary review. This court's authority to exercise original jurisdiction is limited. *See* TEX. CONST. art. V, §§ 5, 6 (providing that the Court of Criminal Appeals has the power to issue writs of habeas corpus and that intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2022) (limited writ powers granted to the courts of appeals). As an intermediate appellate court, we have no authority to order the jail to provide Relator with additional postage or envelopes, allow him to have his own cell or be placed in segregation, allow him to become a trustee of the jail, or allow him more "privileges" such as a television. We also have no authority to direct his defense attorney, the district clerk, or a jail visitor to act. *See* GOV'T CODE § 22.221(a), (d).

Moreover, we have no authority to order his pending "felony case dismissed and expunged from [his] record." To the extent Relator requests release from custody, we do not have original habeas jurisdiction to entertain such a request. *See In re Proctor*, No. 11-20-00075-CR, 2020 WL 1181934, at *1 (Tex. App.—Eastland Mar. 12, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication) (courts of appeals do not have original habeas jurisdiction in criminal cases); *see also* GOV'T CODE § 22.221(d) (limiting original habeas jurisdiction to civil cases); CRIM. PROC. art. 11.05 (West 2015) (original habeas jurisdiction is limited to county courts, district courts, and the Court of Criminal Appeals).

We note that the allegations against the district court appear to be related to an "incompetency order" issued by the judge. The document Appellant refers to is not in the record for our review. To the extent Appellant attempts to appeal a finding of incompetence, we also lack jurisdiction to address such an appeal. *See* CRIM. PROC. art. 46B.011; *In re Commitment of V.S.*, No. 11-21-00198-CV, 2022 WL 120785, at *1 (Tex. App.—Eastland Jan. 13, 2022) (mem. op., not designated for

2

publication) (courts of appeals lack jurisdiction to conduct an interlocutory review of a trial court's findings of incompetence to stand trial); *see also Ragston v. State*, 424 S.W.3d 49, 51 (Tex. Crim. App. 2014) (courts of appeals only have jurisdiction to review interlocutory orders expressly granted by law); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (noting limited jurisdiction to consider pretrial orders in criminal cases).

We dismiss this original proceeding for want of jurisdiction.


PER CURIAM


February 9, 2023

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

3