**Opinion issued January 30, 2024**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

**NO. 01-23-00903-CR**

**NO. 01-23-00904-CR**

—————————————

**ARTHUR DAVID LOWE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 659156 & 659154**

---

**MEMORANDUM OPINION**

Appellant Arthur David Lowe is attempting to appeal from the trial court's order denying Lowe's motions for judgment nunc pro tunc that were filed in both trial court causes. We dismiss these appeals for lack of jurisdiction.

"The right to appeal in criminal cases is conferred by statute, and a party may appeal only from a judgment of conviction or an interlocutory order as authorized by statute." *Shannon v. State*, Nos. 01-21-00040-CR and 01-21-00041-CR, 2022 WL 3722321, at * 1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, no pet.) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. art. 44.02 and *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014)). If jurisdiction to review an interlocutory order in a criminal case has not been expressly conferred by statute, we lack jurisdiction and must dismiss the appeal. *See Ragston*, 424 S.W.3d at 52. The orders Lowe attempts to appeal are neither criminal convictions nor appealable interlocutory orders.

Appellant relies on *Blanton v. State*, 369 S.W.3d 894 (Tex. Crim. App. 2012) as support for his assertion that this Court has jurisdiction, but *Blanton* involved the trial court's entry of judgment nunc pro tunc, not the denial of a request for judgment nunc pro tunc. Thus, *Blanton* is inapplicable here. This Court has so held in a previous opinion. *See Lowe v. State*, No. 01-19-00389-CR, 2020 WL 2026368, at *1 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, pet. ref'd) (mem. op., not designated for publication) (dismissing appeal for lack of jurisdiction because denial of motion for judgment nunc pro tunc is not an appealable order).

Because no statute confers jurisdiction for this Court to review the trial court's order denying Lowe's motion for judgment nunc pro tunc, we dismiss these appeals for lack of jurisdiction. *See id.* Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).