**DISMISS and Opinion Filed February 8, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01153-CR**
**No. 05-23-01267-CR**
**No. 05-23-01268-CR**
**No. 05-23-01269-CR**

**DAMONTA QUINN MOORE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F20-75906, F18-42004, F19-40652, F21-77000**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Garcia, and Justice Kennedy
Opinion by Chief Justice Burns

Appellant's notice of appeal of these cases states he is appealing: "the pretrial Writ of Habeas Corpus bond order entered by the Criminal District Court No. 3 on October 30, 2023." However, the clerk's records and the reporter's records do not show appellant filed an application for writ of habeas corpus or that the trial court ruled on an application for writ of habeas corpus. We dismiss these appeals for want of jurisdiction.

This Court has jurisdiction to review an adverse ruling on a pretrial application for writ of habeas corpus requesting relief on a bond, but we do not have jurisdiction to hear interlocutory appeals regarding orders involving a bond. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) ("There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail."); *Keaton v. State*¸ 204 S.W.3d 870, 873 (Tex. App.—Beaumont 2009, no pet.) ("The Legislature did not provide appellate jurisdiction over a direct appeal from an interlocutory pretrial order involving bail."); *see also Ex parte Leyendecker*, No. 05-22-01369-CR, 2023 WL 3114676, at *4 (Tex. App.—Dallas Apr. 27, 2023, no pet.) (Kennedy, J., concurring) ("A defendant may appeal an adverse ruling on a pretrial application for writ of habeas corpus requesting relief on a bond, but the defendant may not appeal an adverse ruling on an interlocutory motion requesting relief on the bond.").

No application for writ of habeas corpus is in the clerk's records, and no mention of an application for writ of habeas corpus is made in the reporter's record. The reporter's record of the October 30, 2023 hearing shows the trial court granted the State's motion for continuance and then told appellant, "because your case is not being tried in the month of October, your attorney is requesting the Court to reconsider the bond amounts, so that's the purpose of . . . this trial."  At the conclusion of the hearing, the trial court reduced appellant's bond by half in each case:  from $30,000 to $15,000 in 05-23-01267-CR (F18-42004) and 05-23-01268-

CR (F19-40652), from $100,000 to $50,000 in 05-23-01153-CR (F20-75906), and from $1 million to $500,000 in 05-23-01269-CR (F21-77000). However, the reporter's record and the clerk's records do not indicate the trial court's order was pursuant to a pretrial application for writ of habeas corpus.

These appeals concern the trial court's orders on counsel's request for bond reduction, and the records show the trial court reduced appellant's bond by half in each case. An appeal from such a ruling is not permitted. *See Ragston*, 424 S.W.3d at 52; *Keaton*, 204 S.W.3d at 873. Because the appellate records do not include an order on an application for writ of habeas corpus, the records do not demonstrate that this Court has jurisdiction over these appeals. *See Almendarezavila v. State*, No. 05-20-00782-CR, 2020 WL 5757339 (Tex. App.—Dallas Sept. 28, 2020, no pet.) (dismissing pretrial appeal for want of jurisdiction when hearing on bond reduction was not treated as pretrial application for writ of habeas corpus by the parties or trial court).

We requested the parties to file letter briefs concerning our jurisdiction over these appeals. Both appellant and the State filed letter briefs. The State asserts we lack jurisdiction over these appeals. Appellant's letter brief asserts the trial court abused its discretion by not reducing his bond to an amount he could afford to pay, but appellant does not point out where the record shows the trial court's ruling was on an application for writ of habeas corpus, and appellant did not supplement the

record with any application for writ of habeas corpus that was before the trial court on October 30, 2023, or any order on an application for writ of habeas corpus.

We conclude we lack jurisdiction over these appeals. We dismiss these appeals for want of jurisdiction.

 

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

231153F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DAMONTA QUINN MOORE,
Appellant

No. 05-23-01153-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F20-75906.
Opinion delivered by Chief Justice
Burns. Justices Garcia and Kennedy
participating.

Based on the Court's opinion of this date, this appeal is **DISMISSED** for want of jurisdiction.

Judgment entered February 8, 2024



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

DAMONTA QUINN MOORE,
Appellant

No. 05-23-01267-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F18-42004.
Opinion delivered by Chief Justice
Burns. Justices Garcia and Kennedy
participating.

Based on the Court's opinion of this date, this appeal is **DISMISSED** for want of jurisdiction.

Judgment entered February 8, 2024



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAMONTA QUINN MOORE,
Appellant

No. 05-23-01268-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F19-40652.
Opinion delivered by Chief Justice
Burns. Justices Garcia and Kennedy
participating.

Based on the Court's opinion of this date, this appeal is **DISMISSED** for want of jurisdiction.

Judgment entered February 8, 2024



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

DAMONTA QUINN MOORE,
Appellant

No. 05-23-01269-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F21-77000.
Opinion delivered by Chief Justice
Burns. Justices Garcia and Kennedy
participating.

Based on the Court's opinion of this date, this appeal is **DISMISSED** for want of jurisdiction.

Judgment entered February 8, 2024