

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00391-CR

**EX PARTE** Marco Antonio **MORENO**

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. CM118260
Honorable Stephanie R. Boyd, Judge Presiding[1]

Opinion by:　Lori Massey Brissette, Justice

Sitting:　　Rebeca C. Martinez, Chief Justice
　　　　　　Luz Elena D. Chapa, Justice
　　　　　　Lori Massey Brissette, Justice

Delivered and Filed: December 23, 2024

DISMISSED FOR WANT OF JURISDICTION

This appeal involves the denial of Appellant Marco Antonio Moreno's application for writ of habeas corpus seeking to reduce his bond amount. For the reasons stated in this opinion, we dismiss the appeal for want of jurisdiction.

### BACKGROUND

Based on allegations reported to the Bexar County Sheriff's Department, Moreno was arrested for continuous sexual abuse of a child and was held on $250,000 bond.

---

[1] The hearing relevant to this appeal was referred to magistrate judge the Honorable Miguel Najera.

On April 8, 2024, he filed an application for writ of habeas corpus seeking bond reduction, which was referred to a magistrate judge to hold a hearing. A handwritten note on the application stated, "4/9/24: set for hearing w/ Judge Najera."

On April 9, 2024, Moreno filed a motion to amend conditions of bond, which was also referred to the magistrate judge.

On May 6, 2024, the hearing was held on both of Moreno's pleadings, as directed by the district court. After hearing evidence and arguments from the parties, the magistrate judge denied Moreno's request for bond reduction and signed an order denying Moreno's application for writ of habeas corpus seeking bond reduction.

Moreno filed a notice of appeal on June 5, 2024, stating that he wished to appeal the magistrate judge's denial of his application for writ of habeas corpus seeking bond reduction. This appeal followed.

### JURISDICTION

Generally, a defendant can appeal "a merits-based decision on an application for a writ of habeas corpus." *Ex parte Ramos-Morales*, 697 S.W.3d 320, 327 (Tex. App.—El Paso 2023, pet. filed). However, the Texas Court of Criminal Appeals has held that a defendant cannot appeal a magistrate judge's denial of his application for writ of habeas corpus unless the referring district judge confirms the denial by a written order of the court. *See Ex parte Sinclair*, 693 S.W.3d 346, 353 (Tex. Crim. App. 2024).

Because *Ex parte Sinclair* involved a habeas application in a community supervision case, the court referred to article 11.072 of the Texas Code of Criminal Procedure when determining the finality of the magistrate's ruling. *See Ex parte Sinclair,* 693 S.W.3d at 348, 352-53. Article 11.072(6)(d) of the Texas Code of Criminal Procedure specifically allows for the assignment of a

magistrate to hold a hearing and make findings of fact in a community supervision case. The court held that the magistrate's ruling, however, must be adopted by the referring court by written order signed after the magistrate's ruling is entered in order to become a final, appealable order. *Ex parte Sinclair,* 693 S.W.3d at 354.

This case, on the other hand, is a non-community supervision felony case and is governed by article 11.08 of the Texas Code of Criminal Procedure. Article 11.08 does not include the same language as article 11.072, specifically providing for the referral to a magistrate. *See* TEX. CODE CRIM. PRO. ANN. art. 11.08. Thus, we must go further, just as the court in *Ex parte Sinclair* did, to look to the Texas Government Code and the powers given to magistrates within Chapter 54 to determine whether appellate jurisdiction has been legislatively conferred. *See Ex parte Sinclair*, 693 S.W.3d at 353 (citing *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014)).

The authority of a magistrate to rule in proceedings referred to them are limited. Section 54.908(a) of the Texas Government Code explicitly authorizes magistrates to rule on a limited list of matters, mainly pretrial matters, such as admissibility of evidence and pretrial motions. The statute states that a magistrate may only "recommend the rulings, orders or judgments to be made in a case." TEX. GOV'T CODE ANN. § 54.908(a)(11). Likewise, Section 54.906 of the Texas Government Code lists matters appropriate for a magistrate in criminal proceedings, specifically stating that a magistrate "may not preside over a final trial on the merits."

While Section 54.908(a)(15) of the Texas Government Code does authorize a magistrate to "do any act and take any measure necessary and proper for the efficient performance of the duties *required by the order of referral*," the duties must be specified in the order of referral. *Ex parte Sinclair,* 693 S.W.3d at 353 (citing TEX. GOV'T CODE ANN. § 54.908(a)(15)). Here, the

referring order, i.e., the handwritten note on Moreno's application, only required the magistrate to hold a hearing.

A referring order requiring the magistrate to hold a hearing does not include the authority to render a final, appealable order. *Ex parte Sinclair,* 693 S.W.3d at 357. Further, even under the facts of *Ex parte Sinclair*, where the referring order stated the magistrate's rulings would become orders of the court if no action was taken by the trial court, the Texas Court of Criminal Appeals held further action was, in fact, necessary. *Ex parte Sinclair*, 693 S.W.3d at 353. The court specifically referred to Section 54.912(c) which requires: "At the conclusion of each term during which the services of a magistrate are used, the referring court shall enter a decree on the minutes adopting the actions of the magistrate of which the court approves." TEX. GOV'T CODE ANN. § 54.912(c).

Where no such action has been taken by the trial court to adopt the ruling of the magistrate in a pre-conviction application for writ of habeas corpus, there is no final, appealable order. *See Ex parte Sinclair,* 693 S.W.3d at 352-58. There is nothing in this record that indicates the district judge entered any decree or took any other action to adopt the magistrate's ruling relating to the habeas application in this case.

Moreno cites Texas Rule of Appellate Procedure 31, governing Appeals in Habeas Corpus, Bail, and Extradition Proceedings in Criminal Cases, in support of jurisdiction. However, Rule 31 cannot confer jurisdiction on this court where it is otherwise not supported by statute. *See Ragston*, 424 S.W.3d at 52 ("This Court's rules cannot enlarge the rights of litigants beyond those provided in the constitutions or a statute.").

**CONCLUSION**

Because there is no appealable order in the record of this appeal, we conclude that we have no jurisdiction and that we must dismiss the appeal.

Lori Massey Brissette, Justice

DO NOT PUBLISH