

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00024-CR

Dwight Okeith **BASON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CR-0288
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              Lori I. Valenzuela, Justice
              Lori Massey Brissette, Justice

Delivered and Filed: March 18, 2026

DISMISSED FOR LACK OF JURISDICTION

In this appeal, appellant filed a five-page pro se letter with the trial court listing grievances with his community supervision. The last sentence of the letter states: "I have a [thirty] day appeal[,] can you please help me?" Although the letter complains about the State's motion to revoke, the clerk's record reflects the motion to revoke was denied on December 16, 2025. Courts of appeal have jurisdiction of an appeal by a criminal defendant only after a conviction or when an appeal is specifically authorized by statute. *See Skillern v. State*, 355 S.W.3d 262, 266–67 (Tex.

App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961)); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Gary v. State*, No. 04-14-00520-CR, 2014 WL 3930752, at *1 (Tex. App.—San Antonio Aug. 13, 2014, pet. ref'd). Because there is no judgment of conviction or appealable order in the record, we ordered appellant to show cause, on or before February 17, 2026, why this appeal should not be dismissed for lack of jurisdiction.

Appellant's court-appointed counsel filed a response conceding we lack jurisdiction over this appeal and filed a motion to withdraw. Accordingly, this appeal is dismissed for lack of jurisdiction.


PER CURIAM

DO NOT PUBLISH