**Opinion filed July 22, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00114-CR

_____

## CHRISTOPHER WAYNE HUMBLE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-20-0487-CR**

### M E M O R A N D U M   O P I N I O N

Christopher Wayne Humble has been indicted in this cause for the offense of robbery. At the time he filed the notice of appeal, Humble remained in jail pending trial or release on bond. Humble asserts in his notice of appeal that he filed a writ of habeas corpus in the trial court, that the trial court had not ruled on the writ at the time that Humble filed this appeal, and that Humble "considers and believes that the trial court denied his motion for writ of habeas corpus and personal bond due to not

ruling on motion." When this appeal was docketed, the clerk of this court wrote Appellant and informed him that it did not appear that the trial court had entered an appealable order. We requested that Appellant respond and show grounds to continue the appeal. Appellant has not filed a response. We dismiss the appeal.

An appellate court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Ragston v. State*, 424 S.W.3d 49, 51–52 (Tex. Crim. App. 2014); *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). Humble's notice of appeal relates to pretrial bond. We note that this is not an appeal from an order denying habeas corpus relief, which, as we have previously informed Humble, would be an appealable order. *See Ex parte Humble*, No. 11-21-00088-CR, 2021 WL 2009151 (Tex. App.—Eastland May 20, 2021, orig. proceeding) (mem. op., not designated for publication). At the time that Humble filed his notice of appeal, the trial court had not ruled on Humble's application for writ of habeas corpus.

To the extent that this appeal relates to the presumed denial of an application for writ of habeas corpus, the appeal is premature. The documents on file in this court reflect that the trial court has not denied Humble's application for writ of habeas corpus. Therefore, no appealable order based on that application has been entered by the trial court. Furthermore, we have recently held, and informed Humble, that we have no jurisdiction to consider an original application for writ of habeas corpus relating to the issue of bail. *See Ex parte Humble*, No. 11-21-00116-CR, 2021 WL 2470399 (Tex. App.—Eastland June 17, 2021, orig. proceeding) (mem. op., not designated for publication).

To the extent that this appeal may relate to a denial by the trial court of Humble's request for personal bond, such a denial would not be appealable. The appellant in *Ragston* attempted "an interlocutory appeal of the trial court's order on his motion for bond reduction." 424 S.W.3d at 50–51. The Court of Criminal

Appeals addressed the issue of the jurisdiction of the court of appeals and affirmed the dismissal of the appeal for want of jurisdiction. *Id.* The Court of Criminal Appeals specifically held: "There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." *Id.* at 52.

We conclude that we have no jurisdiction to entertain this appeal. Accordingly, we dismiss the appeal for want of jurisdiction.


PER CURIAM


July 22, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.