**Opinion filed March 10, 2022**



## In The

# Eleventh Court of Appeals

_____

### No. 11-22-00021-CR

_____

## DANIEL SUBIA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-21-1148-CR**

### M E M O R A N D U M   O P I N I O N

Daniel Subia has filed a pro se notice of appeal from a purported trial court order denying an application for writ of habeas corpus. We dismiss the appeal.

On January 25, 2022, the day after Subia filed his notice of appeal, the district clerk's office informed this court that the case was still pending in the trial court, that no application for writ of habeas corpus had been received from Subia, and that there was no record of a trial court order denying an application for habeas corpus

in this cause. Consequently, the clerk of this court wrote Appellant and informed him that it did not appear that Appellant's notice of appeal related to a final, appealable order. We requested that Appellant respond and show grounds to continue the appeal. Appellant has responded, but he has not shown grounds upon which this appeal may continue.

An appellate court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Ragston v. State*, 424 S.W.3d 49, 51–52 (Tex. Crim. App. 2014); *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). Subia's notice of appeal relates to the purported denial of a pretrial application for writ of habeas corpus. However, at the time that Subia filed his notice of appeal, the district clerk had not received, and the trial court had not ruled on, an application for writ of habeas corpus. Subia stated in his response to this court's jurisdictional inquiry (1) that he was entitled to habeas relief because the indictment was based upon the affidavit of a person who was not credible and (2) that he was ejected from the courtroom before he could establish the grounds for his request. To the extent that this appeal relates to the presumed denial of an application for writ of habeas corpus, the appeal is premature. Because the trial court has not entered an appealable order in this cause, we have no jurisdiction to entertain this appeal.

Consequently, we dismiss this appeal for want of jurisdiction.

PER CURIAM

March 10, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.