

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00265-CR

---

JOHN O. THORNTON, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2006-412,884, Honorable Douglas H. Frietag, Presiding

---

October 31, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

In 2007, Appellant, John O. Thornton, Jr., was convicted of murder and sentenced to life imprisonment.[1]  In 2022, appellant filed post-conviction motions in the trial court requesting a new trial, the production of documents, appointed counsel, and to vacate the

---

[1] *Thornton v. State*, No. 07-07-00169-CR, 2007 Tex. App. LEXIS 5989, at *2 (Tex. App.—Amarillo July 25, 2007, no pet.) (mem. op., not designated for publication) (dismissing appeal of conviction because Appellant waived his right of appeal).

judgment. The trial court denied the motions and appellant appeals the orders, proceeding pro se. We dismiss the appeal for want of jurisdiction.

Generally, an appellate court has jurisdiction to consider an appeal by a criminal defendant only from a judgment of conviction or where appellate jurisdiction has been expressly granted by law. *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). We have found no authority granting this Court jurisdiction to consider an appeal from the orders denying appellant's post-conviction motions. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) ("Jurisdiction must be expressly given to the courts of appeals in a statute."); *Carter v. State*, No. 07-14-00296-CR, 2015 Tex. App. LEXIS 3584, at *3 (Tex. App.—Amarillo Apr. 10, 2015, no pet.) (mem. op., not designated for publication) (finding no authority to review the denial of a post-conviction motion seeking to set aside a final conviction). Rather, only the Court of Criminal Appeals has jurisdiction over matters seeking post-conviction relief from a final felony conviction. *See* TEX. CODE. CRIM. PROC. ANN. art. 11.07 (outlining the procedures for an application for writ of habeas corpus); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

By letter of September 20, 2022, we directed appellant to show how we have jurisdiction over this appeal. Although appellant filed a response, he did not demonstrate grounds for continuing the appeal.

Because appellant has not presented this Court with a judgment of conviction or an appealable order, we dismiss the appeal for want of jurisdiction.[2] Appellant's pending motions are dismissed as moot.

Per Curiam

Do not publish.

---

[2] Appellant may be entitled to habeas relief by filing an application for writ of habeas corpus with the clerk of the court in which the conviction being challenged was obtained, returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.