**CONCUR and Opinion Filed April 27, 2023**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-01369-CR**

**EX PARTE SEAN LEYENDECKER**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-03832-2022**

## CONCURRING OPINION

Opinion by Justice Kennedy

I concur in the majority's decision to dismiss this case for lack of jurisdiction.

I write separately because I disagree with the majority's conclusion the trial court

lacked authority to consider and rule on appellant's December 2, 2022 motion.

Instead, I conclude the trial court had jurisdiction to consider and rule on appellant's

motion and that the trial court's ruling thereon is interlocutory and not subject to

appeal.

### TRIAL COURT JURISDICTION OVER BOND ISSUES

Article 17.09 of the Texas Code of Criminal Procedure provides that once a

defendant has posted bond, that bond is valid and binding for the duration of the case

before the trial court, any transferee court, and for all subsequent proceedings

relative to the charge. *See* TEX. CODE CRIM. PROC. ANN. art. 17.09, § 1. Thus, the bond, and the requirement that the defendant appear for trial proceedings, follows the defendant's case regardless of the court to which the case may be assigned. *See id.* A trial court may require the bond be adjusted if the court determines the bond is defective, excessive, or insufficient, has unacceptable sureties, or for other good and sufficient cause. *Id.* at art. 17.09, § 3; *Ex parte Gomez*, 624 S.W.3d 573, 575–76 (Tex. Crim. App. 2021).

Thus, in this case, the trial court retained the authority to monitor the status of appellant's case and adjust his bond and conditions as necessary. *See Gomez*, 624 S.W.3d at 575–76. Consequently, the trial court had the authority to consider and rule on appellant's December 2 motion.

### APPELLATE COURT JURISDICTION

With respect to this court's jurisdiction, we may exercise jurisdiction only when authorized by statute. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Generally, a criminal defendant may appeal only from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); *Ex parte Evans*, 611 S.W.3d 86, 87 (Tex. App.—Waco 2020, no pet.). We do not have jurisdiction to review interlocutory orders absent an express grant of jurisdiction by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).

Nothing in Article 17.09, or in Chapter 17 generally, provides for the right to file an interlocutory appeal of the trial court's rulings on motions seeking bail. *See*

*Ragston*, 424 S.W.3d at 52 ("There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail").  As a result, whether a defendant can obtain appellate review of the trial court's bail determinations depends on how the matter is raised in the trial court.

A defendant may appeal an adverse ruling on a pretrial application for writ of habeas corpus requesting relief on a bond, but the defendant may not appeal an adverse ruling on an interlocutory motion requesting relief on the bond.  *See id.*; *Ex parte Carter*, 621 S.W.3d 355, 357–58 (Tex. App.—San Antonio 2021, no pet.); *see also Ex parte Hernandez*, No. 04-20-00395-CR, 2020 WL 6749045, at *1 (Tex. App.—San Antonio Nov. 18, 2020, no pet.) (mem. op., not designated for publication); *Sanderson v. State*, No. 02-20-00006-CR, 2020 WL 827590, at *1 (Tex. App.—Fort Worth Feb. 20, 2020, no pet.) (mem. op., not designated for publication).

Because appellant seeks relief from an adverse ruling on an interlocutory motion seeking relief from the terms and conditions of his bond, this Court lacks jurisdiction over his appeal.

Accordingly, I concur in the majority's decision dismissing this case for want of jurisdiction.

        /Nancy Kennedy/
        NANCY KENNEDY
        JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
221369CF.U05