**Opinion filed April 4, 2024**



# In The

# Eleventh Court of Appeals

_____

## No. 11-24-00051-CR

_____

## ROBERTO A. PINDER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 24282-B**

## M E M O R A N D U M   O P I N I O N

Appellant, Roberto A. Pinder, has filed a pro se notice of appeal from a purported order denying an application for writ of habeas corpus. We dismiss the appeal.

Appellant attempts to appeal a purported order denying his pro se application for writ of habeas corpus, which he filed pursuant to Article 17.151 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West 2022). Article 17.151, in relevant part, provides that a defendant who is

accused of a felony offense and detained in jail pending trial must be released on either a personal bond or a reduced bond if the State is not ready for trial on the action that is pending against the defendant within 90 days from the commencement of his detention.[1] *Id.*

When this appeal was docketed, the district clerk's office informed this court that there is no record of a trial court order denying an application for writ of habeas corpus in this cause. As a result, the clerk of this court wrote Appellant and informed him that it did not appear that the trial court had entered an appealable order. We requested that Appellant respond and show grounds to continue this appeal. Appellant has responded and filed an amended notice of appeal, but he has not shown grounds upon which this appeal may continue.

An appellate court has jurisdiction to consider an appeal filed by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Ragston v. State*, 424 S.W.3d 49, 51–52 (Tex. Crim. App. 2014); *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). At the time that Appellant filed his notice of appeal and amended notice of appeal, the trial court had not ruled on any pending writ of habeas corpus application pursuant to Article 17.151. Therefore, the trial court has not entered an appealable order in the underlying proceeding.

Moreover, we do not have jurisdiction to address interlocutory appeals regarding the denial of bail. *Ragston*, 424 S.W.3d at 52. In *Ragston*, as in this case, the defendant attempted to appeal the denial of his motion for a bond reduction and contended that he was entitled to be released on a personal recognizance bond

---

[1]We note that, in his initial notice of appeal, Appellant attempted to appeal the "denial of habeas corpus" in two cause numbers, one of which appeared to be a misdemeanor-terroristic-threat offense. However, Appellant only complained of the district court's purported denial of his habeas application and relied upon the felony provisions of Article 17.151. Similarly, his amended notice of appeal and response only addressed the felony cause number. Nevertheless, the county clerk has informed this court that an application for writ of habeas corpus has neither been filed nor ruled upon in Appellant's misdemeanor case.

pursuant to Article 17.151. *Id.* at 50–51. The Court of Criminal Appeals expressly addressed the issue of appellate jurisdiction, affirmed the court of appeals' dismissal of the appeal for want of jurisdiction, and held that "[t]here is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail."[2] *Id.* at 51–52.

Accordingly, because we do not have jurisdiction to address Appellant's appeal, we dismiss this appeal for want of jurisdiction.

W. STACY TROTTER

JUSTICE

April 4, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]We further note that Appellant states that he was indicted within thirty days of his confinement and that the State has announced ready for trial.