# NO. 12-24-00254-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JACKIE DEWAYNE ANDREWS,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Jackie Dewayne Andrews filed a pro se notice of appeal from an order of June 26, 2024 denying his motion for a *Brady* hearing.[1] In a criminal case, the appellant perfects an appeal by timely filing a sufficient notice of appeal. TEX R. APP. P. 25.2(b). The notice of appeal must be filed (1) within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order, or (2) within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX R. APP. P. 26.2(a). The appellate court may extend the time for filing a notice of appeal if, within fifteen days after the deadline for filing the notice, the party files in the trial court the notice of appeal and files in the appellate court a motion complying with Rule 10.5(b). TEX R. APP. P. 26.3. The case information sheet from the Smith County District Clerk reflects that Appellant did not file a motion for new trial. Appellant filed his pro se notice of appeal on August 15, 2024, after expiration of the time for filing a timely notice of appeal or a timely motion for extension from the trial court's order.

---

[1] In 2000, Appellant was convicted of capital murder, for which he received a life sentence. We affirmed the conviction. *See **Andrews v. State**,* 78 S.W.3d 13 (Tex. App.—Tyler 2002, pet. dism'd, untimely filed).

On August 15, the Clerk of this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX R. APP. P. 26.2(a), 26.3. We informed Appellant that the appeal would be dismissed unless the information was amended on or before August 26 to show this Court's jurisdiction. Appellant did not file an amended notice of appeal or other response to this Court's notice.

"[A]ppeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." **State ex rel. Lykos v. Fine**, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[2] *See* TEX. R. APP. P. 26.2, 26.3; *see also* **Slaton v. State**, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); **Olivo v. State**, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because Appellant's notice of appeal was not timely filed, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***.[3] *See Olivo*, 918 S.W.2d at 522*; see also* TEX. R. APP. P. 43.2(f). All pending motions are ***overruled as moot***.

Opinion delivered September 30, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

---

[2] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See* **Ater v. Eighth Court of Appeals**, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also* **Kossie v. State**, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).

[3] We further note that an order denying a **Brady** motion is not an appealable order. *See* **Ragston v. State**, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) ("Jurisdiction must be expressly given to the courts of appeals in a statute"); *see also* **Thornton v. State**, No. 07-22-00265-CR, 2022 WL 16552830, at *1 (Tex. App.—Amarillo Oct. 31, 2022, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing for want of jurisdiction appeal from postconviction motions); **Schmotzer v. State**, No. 10-20-00085-CR, 2020 WL 1809494, at *1 (Tex. App.—Waco Apr. 8, 2020, no pet.) (mem. op. not designated for publication) (dismissing appeal from denial of motion for **Brady** evidence because order is not appealable).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2024**

**NO. 12-24-00254-CR**

**JACKIE DEWAYNE ANDREWS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-81320-99)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*