In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00388-CR**
_____

**MARVIN GABRIEL HOLMES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. F22-39923**

**MEMORANDUM OPINION**

Acting pro se, Marvin Gabriel Holmes filed a notice of appeal that omits any reference to a conviction or an appealable order. The Clerk of the Court issued a notice to the parties that our jurisdiction was not apparent from the notice of appeal and warned that the appeal would be dismissed for lack of jurisdiction unless this Court received a response showing grounds for continuing the appeal. Holmes filed a response. He complains that the trial court has repeatedly reset his trial date.

1

Generally, an appeal may be taken by a defendant in a criminal case only after a final conviction. *See* Tex. R. App. P. 26.2(a) (establishing time for appeal by a defendant after a sentence is imposed in open court or the trial court signs an appealable order). In criminal cases, the courts of appeals have jurisdiction only of those appeals authorized by a statute. *See* Tex. Code Crim. Proc. Ann. art. 44.02; *Abbott v. State*, 271 S.W.3d 694, 697 n.8 (Tex. Crim. App. 2008) (A defendant's general right to appeal under Article 44.02 has always been limited to appeal from a final judgment of conviction.). A court of appeals lacks appellate jurisdiction to review an order before final judgment unless an interlocutory appeal is expressly provided by statute. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Neither of the parties have shown that the trial court has imposed sentence in open court or signed an order that may be appealed at this time. *See* Tex. R. App. P. 26.2(a). Accordingly, we dismiss the appeal for lack of jurisdiction. *See id.* 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on December 17, 2024
Opinion Delivered December 18, 2024
Do Not Publish

Before Johnson, Wright and Chambers, JJ.