**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00144-CR**
_____

**CEDRICK DESHAUN ALEXANDER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 24-08-12328

**MEMORANDUM OPINION**

Cedrick Deshaun Alexander filed a pro se notice of appeal that indicated he seeks to appeal an indictment pre-trial. On May 5, 2025, we notified the parties that it appears the matter being appealed is neither a final judgment nor an appealable order. We asked the parties to file written responses identifying the particular statute or rule authorizing an appeal at this time, and we warned the parties that we would dismiss the appeal unless we received a response that showed that we have jurisdiction over an appeal of this case at this time. On May 12, 2025, the trial court

1

appointed new counsel to represent Alexander in Trial Cause Number 24-08-12328. On May 23, 2025, we re-issued the notice to include Alexander's new attorney. Neither of the parties filed a response.

Generally, an appeal may be taken by a defendant in a criminal case only after a final conviction. *See* Tex. R. App. P. 26.2(a) (establishing time for appeal by a defendant after a sentence is imposed in open court or the trial court signs an appealable order). In criminal cases, the courts of appeals have jurisdiction only of those appeals authorized by a statute. *See* Tex. Code Crim. Proc. Ann. art. 44.02; *Abbott v. State*, 271 S.W.3d 694, 697 n.8 (Tex. Crim. App. 2008) (A defendant's general right to appeal under Article 44.02 has always been limited to appeal from a final judgment.). A court of appeals lacks appellate jurisdiction to review an order before final judgment unless an interlocutory appeal is expressly provided by statute. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Neither of the parties have shown that the trial court has imposed sentence in open court or signed an order that may be appealed at this time. *See* Tex. R. App. P. 26.2(a). Accordingly, we dismiss the appeal for lack of jurisdiction. *See id*. 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on June 24, 2025
Opinion Delivered June 25, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.