In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-25-00472-CR
NO. 09-25-00473-CR
NO. 09-25-00474-CR

_____

SURAFEL HAILU SOLOMON, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. F22-39310-0, F22-39311-0, and F22-39312-0**

**MEMORANDUM OPINION**

Surafel Hailu Solomon, acting pro se, filed a notice of appeal "for the motion to dismiss for want of a speedy trial[]" in three criminal cases. For each appeal, the Clerk of the Court issued a notice that it appears the matter being appealed is neither a final judgment nor an appealable order. We asked the parties to file written responses identifying the particular statute or rule authorizing these appeals at this time, and we warned the parties that we would dismiss the appeals unless we

received a response that showed that we have jurisdiction over an appeal of the cases at this time. Neither of the parties filed a response.

Generally, an appeal may be taken by a defendant in a criminal case only after a final conviction. *See* Tex. R. App. P. 26.2(a) (establishing time for appeal by a defendant after a sentence is imposed in open court or the trial court signs an appealable order). In criminal cases, the courts of appeals have jurisdiction only of those appeals authorized by a statute. *See* Tex. Code Crim. Proc. Ann. art. 44.02; *Abbott v. State*, 271 S.W.3d 694, 697 n.8 (Tex. Crim. App. 2008) (A defendant's general right to appeal under Article 44.02 has always been limited to appeal from a final judgment.). A court of appeals lacks appellate jurisdiction to review an order before final judgment unless an interlocutory appeal is expressly provided by statute. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Neither of the parties have shown that the trial court has imposed sentence in open court or signed an order in Trial Cause Numbers F22-39310-0, F22-39311-0, or F22-39312-0 that may be appealed at this time. *See* Tex. R. App. P. 26.2(a). Accordingly, we dismiss the appeals for lack of jurisdiction. *See id.* 43.2(f).

APPEALS DISMISSED.

PER CURIAM

Submitted on January 20, 2026
Opinion Delivered January 21, 2026
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

2