In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-25-00516-CR
NO. 09-25-00517-CR
_____

GARY HOLLAND, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 5
Montgomery County, Texas
Trial Cause Nos. 25-397809 and 25-397810

## MEMORANDUM OPINION

Gary Holland filed a Notice of Appeal (Interlocutory) for Trial Cause Numbers 25-397809 and 25-397810. In each appeal, the Clerk of the Court notified the parties by letter that it appears the order being appealed is neither a final judgment nor an appealable order. Holland responded that the appeals arise from unauthorized entry of a plea and that he is seeking relief from interlocutory orders issued by the trial court without authority. Holland admits in his response that he is

1

appealing interlocutory orders or rulings. Holland cites to authority that simply does not support his argument that he should be allowed to appeal the interlocutory ruling or order.

Generally, an appeal may be taken by a defendant in a criminal case only after a final conviction. *See* Tex. R. App. P. 26.2(a) (establishing time for appeal by a defendant after a sentence is imposed in open court or the trial court signs an appealable order). In criminal cases, the courts of appeals have jurisdiction only of those appeals authorized by a statute. *See* Tex. Code Crim. Proc. Ann. art. 44.02; *Abbott v. State*, 271 S.W.3d 694, 697 n.8 (Tex. Crim. App. 2008) (A defendant's general right to appeal under Article 44.02 has always been limited to appeal from a final judgment.). A court of appeals lacks appellate jurisdiction to review an order before final judgment unless an interlocutory appeal is expressly provided by statute. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Neither of the parties has shown that the trial court has imposed a sentence in open court or signed an order in Trial Cause Number 25-397809 or 25-397810 that may be appealed at this time. *See* Tex. R. App. P. 26.2(a). Accordingly, we dismiss the appeals for lack of jurisdiction. *See id.* 43.2(f).

APPEALS DISMISSED.

PER CURIAM

Submitted on February 10, 2026
Opinion Delivered February 11, 2026
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.